## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| BRANDY A. ANDAZOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-10-S-316-NW |
| | ) | |
| LOGAN'S ROADHOUSE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The complaint filed by plaintiff, Brandy A. Andazola, alleged, among other things, that defendant, Logan's Roadhouse, Inc., violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, by failing to promote her to the General Manager positions at defendant's two restaurants in Florence and Athens, Alabama because of her sex.[1]  Plaintiff also accused defendant of violating Title VII by terminating her employment, either because of her gender, or in retaliation for her complaints about gender discrimination and sexual harassment in the workplace.[2]  Plaintiff further alleged that defendant violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and, arguably, Title VII, by paying her less than a similarly-situated male employee.[3]  In addition to her federal-law claims, plaintiff's complaint contained

---

[1] *See* doc. no. 1 (Complaint).

[2] *Id.*

[3] *Id.*

supplemental state-law claims for intentional infliction of emotional distress, negligent hiring, training, supervision, and retention, defamation, and invasion of privacy.  Plaintiff also accused defendant of condoning acts of sexual harassment, failing to properly respond to complaints of sexual harassment, and making false statements about plaintiff.[4]

This court entered summary judgment in favor of defendant on all of plaintiff's claims, except for:  her Title VII claim that she had been denied a promotion to the General Manager position of defendant's Athens, Alabama restaurant because of her sex;[5] and, the state-law negligent training, supervision, and retention claim predicated upon defendant's handling of plaintiff's complaints of sexual harassment against certain employees.[6]

---

[4] *Id*.

[5] *See* doc. no. 48 (Memorandum Opinion and Order on Summary Judgment), at 45-54.

[6] *Id*. at 65-69.  As discussed in the memorandum opinion entered in response to defendant's motion for summary judgment, plaintiff's state law claim

> is based upon the assertion that defendant "negligently failed to discipline or terminate those employees [of its Florence, Alabama restaurant — *i.e.*, *Peter Austin*, the Kitchen Manager, and *Thomas Moody*, an hourly-wage employee who initially was hired as a server, but later had bartender functions added to his duties —] who actively harassed . . . [plaintiff]," failed to administer its policies against sexual harassment, failed to properly train its employees concerning [sexual] harassment, and failed to protect plaintiff from [sexual] harassment.

*Id*. at 66-67 (citation omitted, alterations supplied).

The case has been pre-tried, and was docketed for trial on August 14, 2012,[7] but was continued on the motion of plaintiff's attorney, who complained of eye ailments that required medical attention.[8]  In an effort to facilitate the resolution of this litigation, the court recently ruled on both of plaintiff's pretrial motions, and six of defendant's pretrial motions.[9]  Two requests from defendant's final pending pretrial motion remain unresolved.[10]

Defendant's "Motion *In Limine* to Exclude Witnesses and Exhibits that Were Not Timely and Properly Disclosed During Discovery" challenges plaintiff's attempt to introduce various trial evidence, including a digital video disc ("DVD") entitled "Muffy the Vampire Slayer."[11]  This court withheld a ruling upon the admissibility of that DVD, pending *in camera* review.[12]  The court ordered plaintiff to submit copies of the DVD to the court and defense counsel.[13]  Plaintiff now has complied with that order.[14]  Accordingly, upon consideration of the briefs of the parties, oral

---

[7] *See* doc. no. 56 (Pretrial Order).

[8] *See* doc. no. 27 (Motion to Continue Trial).

[9] *See* doc. no. 87 (Memorandum Opinion and Order).

[10] *See id.* at 19 (discussing the reasons for withholding a ruling on the request to exclude plaintiff's "me too" evidence), 27 (discussing the reasons for withholding a ruling on the request to exclude the DVD entitled "Muffy the Vampire Slayer").

[11] Doc. no. 70 (Motion *in Limine* to Exclude Witnesses and Exhibits Not Disclosed During Discovery), at 2 n.1.

[12] Doc. no. 87 (Memorandum Opinion and Order), at 39.

[13] *Id.*

[14] *See* doc. no. 89 (Notice of Mailing to Court); doc. no. 90 (Notice of Mailing to Opposing

argument of the parties' counsel, and *in camera* review of the challenged DVD, the court is prepared to rule on defendant's motion to exclude the proposed item of evidence.

## DISCUSSION

A party who "fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . is not allowed to use that information or witness to supply evidence on a motion or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).  In addition to the requirements of the Federal Rules of Civil Procedure that parties make initial disclosures and respond to interrogatories, requests for production, and requests for admission, *see* Fed. R. Civ. P. 26, 33, 34, & 36, Federal Rule of Civil Procedure 26 requires parties to "supplement or correct" their disclosures or responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e).

"The burden is on the party facing the [discovery] sanctions . . . to make the requisite showing of harmlessness" under Federal Rule of Civil Procedure 37(c). *Abrams v. Ciba Specialty Chemicals Corp.*, No. 08-0068-WS-B, 2010 WL 779283,

---

Counsel).

4

*29 (S.D. Ala. Mar. 2, 2010) (alteration supplied) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.")); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) (similar); *Harrison Bros. Dry Dock & Repair Yard, Inc. v. Pan Agri International, Inc.*, No. 08-0486-WS-B, 2009 WL 3273926, *3 (S.D. Ala. Oct. 9, 2009) ("The burden is on the nondisclosing party to demonstrate . . . that its failure to disclose . . . is harmless.")).

Plaintiff contends:  that the subject DVD "is a sex video [that Florence Kitchen Manager] Peter Austin had around Logan's premises and gave to [plaintiff]"; that Gina Fell, a "Key Hourly Manager" of defendant's Florence restaurant, knew that Peter Austin had given the DVD to plaintiff; and that plaintiff intends to offer the DVD "as a visual aid — a demonstrative evidence item."[15]  None of the foregoing statements address the issue of whether plaintiff's failure to disclose the DVD "was substantially justified or is harmless" as required by Federal Rule of Civil Procedure 37(c).  Plaintiff's failure to prove substantial justification or harmlessness is, alone, justification for excluding the non-disclosed evidence.

---

[15] Doc. no. 75 (Response to Motion *in Limine* to Exclude Witnesses and Exhibits Not Disclosed During Discovery), at 4 (alterations supplied).

Even so, and out of an abundance of caution, the court has subjected that evidence to *in camera* review in an effort to determine its relevance, and to weigh its probative value against its potential for unfair prejudice.

"Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  "Relevant evidence is admissible unless any of the following provides otherwise:  the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court.   Irrelevant evidence is not admissible."   Fed. R. Evid. 402 (alteration supplied).  Notwithstanding the general admissibility of relevant evidence under Rule 202, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403 (alteration supplied).

Upon review, the DVD entitled "Muffy the Vampire Slayer" bears little, if any, relevance to plaintiff's two remaining claims.  First, plaintiff asserts a Title VII claim for the denial of a promotion to the General Manager position of defendant's Athens, Alabama restaurant because of her sex.[16]  However, plaintiff alleges that defendant's

---

[16] *See* doc. no. 48 (Memorandum Opinion and Order on Summary Judgment), at 45-54

former regional manager, *David Rodriguez*, recommended to his supervisor, *Jim Kuehnhold*, that the position be awarded to Hank Luking.[17]  Plaintiff does not assert that Florence Kitchen Manager *Peter Austin* had any input on that promotional decision.[18]  Thus, *Austin's* alleged actions with regard to the DVD have no bearing on plaintiff's failure to promote claim.

Further, plaintiff asserts a state-law negligent training, supervision, and retention claim predicated upon defendant's handling of plaintiff's complaints of sexual harassment against certain employees, including Florence Kitchen Manager Peter Austin.[19]  Even so, plaintiff does not argue that her *complaints* included allegations that Austin kept the DVD entitled "Muffy the Vampire Slayer" at the

---

(denying summary judgment on plaintiff's Title VII claim based on the denial of the Athens promotion).

[17] Doc. no. 48 (Memorandum Opinion and Order on Summary Judgment), at 15-16.

[18] *See id.*

[19] *Id.* at 65-69.  As discussed in the memorandum opinion entered in response to defendant's motion for summary judgment, plaintiff's state law claim

> is based upon the assertion that defendant "negligently failed to discipline or terminate those employees [of its Florence, Alabama restaurant — *i.e.*, *Peter Austin*, the Kitchen Manager, and *Thomas Moody*, an hourly-wage employee who initially was hired as a server, but later had bartender functions added to his duties ——] who actively harassed . . . [plaintiff]," failed to administer its policies against sexual harassment, failed to properly train its employees concerning [sexual] harassment, and failed to protect plaintiff from [sexual] harassment.

*Id.* at 66-67 (citation omitted, bracketed alterations supplied).

workplace, or that he gave a copy of the DVD to plaintiff.[20]  Likewise, plaintiff does not argue that Florence Manager *Gina Fell's* alleged knowledge of the DVD can be imputed to *defendant.*[21]  Thus, the DVD has no bearing on plaintiff's negligence claim.

Instead of articulating the relevance of the DVD entitled "Muffy the Vampire Slayer" to either of her claims, plaintiff simply asserts that she "will offer the . . . DVD as a visual aid — a demonstrative evidence item."[22]  However, even after reviewing the briefs of plaintiff and oral argument of plaintiff's counsel, this court is not clear *what* the DVD is intended to "demonstrate."  The record is devoid of allegations that plaintiff (or any other person) was shown the *content* of the DVD, either within or outside the workplace.[23]  At most, plaintiff may have seen the *box* in which the DVD is packaged.

In addition to its low probative value, the DVD entitled "Muffy the Vampire Slayer" has a high potential for confusing the issues and unfairly prejudicing defendant.  The DVD case bears the warning:  "This DVD contains Nudity and Strong Sexual Content.  Recommended for viewers over 18."  And rightfully so:  the

---

[20] *See* doc. no. 75 (Response to Motion *in Limine* to Exclude Witnesses and Exhibits Not Disclosed During Discovery), at 4 (discussing the bases for admitting the DVD).

[21] *See id.*

[22] *Id.* (alterations supplied).

[23] *See id.*

DVD contains foul language, female nudity, and sexual contact between female actors.  (It does not, however, contain penetrative sexual intercourse of any kind.)  Introducing the DVD into evidence would distract jurors from relevant issues, and unfairly inflame the jury's passions against defendant and its managers.

Like the DVD, the box in which the DVD is packaged has a high potential for confusing the issues and unfairly prejudicing defendant.  The front of the box contains the word "Muffy" and depicts a scantily-clad woman and two seductive female companions.  The back of the box contains multiple references to sex, as well as to "call girls," "lesbians," and "vampires."  Based on the warning on the box, it is clear that the DVD contains "Nudity and Strong Sexual Content," but it is *not* clear that the DVD contains no penetrative sexual intercourse.  Introducing the box into evidence would invite jurors to speculate on the DVD's content, and thus distract them from relevant issues and inflame their passions against defendant.

In sum, plaintiff has not shown that her failure to disclose the DVD entitled "Muffy the Vampire Slayer" "was substantially justified or is harmless" as required by Federal Rule of Civil Procedure 37(c).  Further, she has not established that the DVD is relevant to either of her two remaining claims as required by Federal Rule of Evidence 401.  Finally, she has not demonstrated that any probative value of the DVD (or its packaging) is not "substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence" as required by Federal Rule of Evidence 403.

Accordingly, the portion of defendant's "Motion *In Limine* to Exclude Witnesses and Exhibits that Were Not Timely and Properly Disclosed During Discovery"[24] that requests exclusion of the DVD entitled "Muffy the Vampire Slayer" is GRANTED.

**DONE** and **ORDERED** this 10th day of May, 2013.

United States District Judge

---

[24] Doc. no. 70.